No. 15-15641
IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

ROBERT ITO FARM, INC.; HAWAI`I FARM BUREAU FEDERATION, MAUI COUNTY, "Maui Farm Bureau"; MOLOKA`I CHAMBER OF COMMERCE; AGRIGENETICS, INC., d/b/a Mycogen Seeds; MONSANTO COMPANY; CONCERNED CITIZENS OF MOLOKA`I AND MAUI; FRIENDLY ISLE AUTO PARTS & SUPPLIES, INC.; NEW HORIZON ENTERPRISES, INC., d/b/a Makoa Trucking and Services; HIKIOLA COOPERATIVE,

*Plaintiff-Appellees*,

v.

COUNTY OF MAUI,

*Defendant-Appellee*,

v.

ALIKA ATAY; LORRIN PANG; MARK SHEEHAN; BONNIE MARSH; LEI`OHU RYDER; SHAKA MOVEMENT,

*Intervenor-Defendant-Appellants*.

On Appeal from the United States District Court for the District of Hawai`i
Case No. 1:14-cv-00511-SOM-BMK

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS APPEAL AS MOOT**

| | |
|---|---|
| Paul D. Alston | Richard P. Bress |
| Nickolas A. Kacprowski | Philip J. Perry |
| ALSTON HUNT FLOYD & ING | Andrew D. Prins |
| 1001 Bishop Street, Suite 1800 | Jonathan Y. Ellis |
| Honolulu, HI 96813 | LATHAM & WATKINS LLP |
| (808) 524-1800 | 555 Eleventh Street, NW, Suite 1000 |
| *Counsel for Plaintiff-Appellees* | Washington, DC 20004 |
| *Concerned Citizens of Moloka`i & Maui,* | (202) 637-2200 |
| *Friendly Isle Auto Parts & Supplies, Inc., New* | *Counsel for Plaintiff-Appellee Monsanto Co.* |
| *Horizon Enterprises, Inc., Hikiola Cooperative* | |
| *& Monsanto Co.* | |
| | Margery S. Bronster |
| Christopher Landau | Rex Y. Fujichaku |
| KIRKLAND & ELLIS LLP | BRONSTER FUJICHAKU ROBBINS |
| 655 Fifteenth Street, NW | 1003 Bishop Street, Suite 2300 |
| Washington, DC 20005 | Honolulu, HI 96813 |
| (202) 879-5087 | (808) 524-5644 |
| *Counsel for Plaintiff-Appellee Agrigenetics,* | *Counsel for Plaintiff-Appellees* |
| *Inc.* | *Robert Ito Farm, Inc., Hawai`i Farm Bureau* |
| | *Federation, Maui County, Moloka`i Chamber of* |
| August 31, 2015 | *Commerce & Agrigenetics, Inc.* |

This interlocutory appeal is moot. The only question it presents is the propriety of an order extending a now-dissolved preliminary injunction. *See* ER2. The only relief Intervenor-Defendant-Appellants (collectively, SHAKA) requested from this Court was a reversal of that order and a remand for a hearing on whether the balance of hardships supported a preliminary injunction, SHAKA Opening Br. 28—a request that can no longer be granted because the preliminary injunction expired on its own terms once final judgment was entered in the case. Under basic principles of justiciability and controlling precedent, because there is no longer a live controversy about the order, this appeal should be dismissed. *See Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 187 (9th Cir. 1977) ("[A]n appeal will be dismissed as moot when events occur which prevent the appellate court from granting any effective relief."); *see also Alpert v. Riley*, 457 F. App'x 429, 430 (5th Cir. 2012) ("[T]his appeal has been mooted by the district court's dissolution of the preliminary injunction, as we can no longer grant Appellant's requested relief."); *Henco, Inc. v. Brown*, 904 F.2d 11, 13-14 (7th Cir. 1990) ("[T]he issue of whether the district court should have issued the preliminary injunction is moot because the injunction has dissolved on its own terms well before this appeal was heard."); *Certified Grocers of Illinois, Inc. v. Produce, Fresh & Frozen Fruits & Vegetables*, 816 F.2d 329, 331 (7th Cir. 1987) ("If the preliminary injunction is defunct, it is irrelevant and the appeal from it is not

justiciable."); *Wahyou v. Central Valley. Nat'l Bank*, 361 F.2d 755, 757 (9th Cir. 1966) ("The injunction heretofore entered has been spent [and the appeal] has become moot.").

SHAKA spends nearly all of the first eight pages of its thirteen-page response to Plaintiff-Appellees' motion to dismiss recounting its allegations of irreparable harm and describing the supposed merits of this appeal. Of course, none of that has anything to do with the mootness of the appeal—as SHAKA implicitly concedes by casting all of it as "Background." And, in any event, its dire allegations (at 3) of an "environmental and health crisis affecting Maui County" are unfounded.[1] On the actual issue of mootness, SHAKA offers three reasons why the appeal should continue. None has merit.

*First*, SHAKA argues (at 8-10) that the Court *can* still grant effective relief from the district court's preliminary injunction order. But SHAKA fails to identify what that relief might be. It notes (at 8-9) that it "still seeks to have the County certify the election results and enforce the Ordinance." But the County's refusal to

---

[1] As the district court noted here, the federal and state governments have in place regulatory frameworks to address the sorts of issues raised by SHAKA, if such issues were actually occurring. *See*, *e.g.*, Order [Dkt. 166] at 25-27, 43-46. SHAKA has no genuine evidence of harms occurring from the longstanding agricultural activities at issue here, which is why it must consistently rely on vague and hyperbolic claims and other irrelevant material that has no evidentiary value. *See, e.g., Robert Ito Farm Inc. v. County of Maui*, No. 15-16552 (9th Cir.), Dkts. 12, 13, 14 (filing *multiple* errata correcting exaggerations of unsubstantiated hearsay claims about purported harms from GE farming activity *outside of Maui*).

3

certify the election results is not based on a dissolved preliminary injunction. It is based on a final judgment that the Ordinance is unconstitutional. That judgment is the subject of a different appeal. *See Robert Ito Farm Inc. v. County of Maui*, No. 15-16552 (9th Cir.). And the constitutionality of the Ordinance is not even at issue here. See SHAKA Opening Br. 22 ("SHAKA does not dispute that there are serious questions going to the merits of this case.").

SHAKA also cites cases (at 9-10) holding that, in some circumstances, a claim against an injunction bond can save from mootness an appeal of a dissolved injunction. *See Stacey G. v. Pasadena Independent School Dist.*, 695 F.2d 949, 955 (5th Cir. 1983) ("If this preliminary injunction is ultimately held to have been improvidently granted, Pasadena is entitled to recover upon the bond the parents furnished and upon which the preliminary injunction grant was conditioned."); *Grupo Mexicano De Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 313-14 (1999) ("[I]f we hold that the District Court was without power to issue the preliminary injunction, then under Federal Rules of Civil Procedure 65(c) and 65.11 they will have a claim against the injunction bond."). Those cases are irrelevant because there was no bond in this case. And, absent a bond, SHAKA cannot seek any damages even if this Court were to determine the injunction was improper and even if SHAKA had asked for damages (which it has not). "A party injured by the issuance of an injunction later determined to be erroneous has no

4

action for damages in the absence of a bond." *W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers of Am.*, 461 U.S. 757, 770 n. 14 (1983); *see Benz v. Compania Naviera Hidalgo, S.A.*, 205 F.2d 944, 948 (9th Cir. 1953). SHAKA therefore cannot rely on the possibility of future damages to keep this appeal afloat. "[A]ll that [SHAKA] is asking for in appealing from the grant of the preliminary injunction is that the injunction be dissolved, and *that* request is moot." *N. Indiana Pub. Serv. Co. v. Carbon Cnty. Coal Co.*, 799 F.2d 265, 268 (7th Cir. 1986).

*Second*, SHAKA contends (at 10-12) that the district court's decision whether to hold an evidentiary hearing and its balance of the harms are issues that are "capable of repetition yet evading review." This contention is also unavailing. Under this exception to mootness, the Court "will decline to dismiss an otherwise moot action if [it] finds that: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014). The exception is applied "sparingly, and only in exceptional circumstances." *Id.* at 836-37. SHAKA cannot satisfy either prong.

"For a controversy to be 'too short to be fully litigated prior to cessation or expiration,' it must be of '*inherently* limited duration.'" *Id.* at 836 (citation

5

omitted). The exception is concerned "not with particular lawsuits, but with classes of cases that, absent an exception, would *always* evade judicial review." *Id.* (emphasis added). Neither the district court's decision whether to hold an evidentiary hearing nor its routine balance of harms raises any issues that are of an "*inherently* limited duration." *Id.* To the contrary, these types of questions have been addressed repeatedly by this Court in the ordinary course. *See, e.g.*, *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1128 (9th Cir. 2011) (reviewing order granting a preliminary injunction); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (same); *Nader v. Brewer*, 386 F.3d 1168, 1169 (9th Cir. 2004) (same); *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994) (reviewing order denying evidentiary hearing); *Kenneally v. Lungren*, 967 F.2d 329, 334 (9th Cir. 1992) (same); *San Francisco-Oakland Newspaper Guild v. Kennedy*, 412 F.2d 541, 546 (9th Cir. 1969) (same).

It does not matter for these purposes whether the district court's "swift decision on the merits" (Opp'n 11) in *this* case precluded review of its preliminary injunction decision.[2] What matters is that there is nothing inherent about this

---

[2] It is not at all clear that it was the district court's swiftness that precluded review here. SHAKA did not move for extraordinary expedition of this appeal until after it was mooted and SHAKA had taken the full time allotted on both its opening and reply briefs. *See* 9th Cir. R. 3-3(c) ("If a party files a motion to expedite the [preliminary injunction] appeal . . . , the Court, in resolving those motions, may order a schedule for briefing that differs from that described above."). SHAKA is

"class of cases" that always precludes review of these issues. In some classes of cases "temporary" injunctions concern conduct that is inherently fleeting (and repeating). *E.g.*, *Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1160 (9th Cir. 2011) (test-taking procedures for semi-annual bar exam); *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007) (procedures for bi-annual election cycle); *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1287 (9th Cir. 2013) (conduct during Arctic Ocean open water season). But litigation over the regulation of GE crops is not inherently fleeting in a way that would ordinarily preclude review of preliminary injunctions entered in such cases. *See, e.g.*, *Center for Food Safety v. Vilsack*, 636 F.3d 1166 (9th Cir. 2011) (resolving appeal of preliminary injunction in dispute over regulation of genetically engineered sugar beets while underlying lawsuit remained pending).

Nor are the issues raised by SHAKA in its appeal of the now-expired preliminary injunction reasonably likely to recur. Even if, in SHAKA's separate appeal of the district court's final judgment, this Court were to reverse and remand to the district court for further proceedings, any subsequent determination by that court whether again to grant preliminary injunctive relief, and whether to hold an

---

in no position to argue that appeals such as this one are inherently incapable of appellate review. *See Protectmarriage.com*, 752 F.3d at 837 ("[A] party may not profit from the 'capable of repetition, yet evading review' exception . . . where through his own failure to seek and obtain [prompt relief] he has prevented [an] appellate court from reviewing the trial court's decision." (alterations in original)).

evidentiary hearing on that issue, would be based on the legal arguments and the factual record made in those subsequent proceedings. It is not reasonable to presume that the district court's resolution of such inherently fact-dependent questions would be simply a repetition of the now-dissolved preliminary injunction order. That order was based on a unique combination of factors—including the length of the requested injunction, the legislature's then-contemporaneous consideration of legislation that could moot this case, the pendency of a summary judgment motion, and the then-existing factual record, *see* ER4-19—that is highly unlikely to present itself again.

*Third*, SHAKA suggests (at 12) that the Court consider the mootness of this appeal alongside the merits of SHAKA's separate appeal of the final judgment, because "[i]f the Court rules in SHAKA's favor in [*that* appeal], the District Court will need to revisit the merits of the stipulated preliminary injunction pending a final resolution of this case. Therefore, this issue is not ripe for determination by the court." But no matter what happens in SHAKA's appeal of the district court's final judgment, there is nothing for this Court to decide with respect to the now-dissolved preliminary injunction that is the subject of *this* appeal. The preliminary injunction is gone. The Court can grant SHAKA no relief with respect to it.

The only benefit SHAKA could get from an opinion reversing the district court's expired preliminary injunction order is a favorable precedent—"in other

words, the benefit of an advisory opinion favorable to [its] position." *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 574 (7th Cir. 1987). But this Court "is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." *Benz*, 205 F.2d at 947. The propriety of any future injunctive relief will depend on the factual record and legal arguments made in those proceedings. It can and must be the subject of a future appeal. In the meantime, *this* appeal is moot and should be dismissed now.

Respectfully submitted,

/s/ *Richard P. Bress*

| | |
|---|---|
| Paul D. Alston | Richard P. Bress |
| Nickolas A. Kacprowski | Philip J. Perry |
| ALSTON HUNT FLOYD & ING, | Andrew D. Prins |
| A LAW CORPORATION | Jonathan Y. Ellis |
| 1001 Bishop Street, Suite 1800 | LATHAM & WATKINS LLP |
| Honolulu, HI 96813 | 555 Eleventh Street, NW, Suite 1000 |
| (808) 524-1800 | Washington, DC 20004 |
| *Counsel for Plaintiff-Appellees* | (202) 637-2200 |
| *Concerned Citizens of Molokai & Maui,* | *Counsel for Plaintiff-Appellee* |
| *Friendly Auto Parts & Supplies, Inc.,* | *Monsanto Co.* |
| *New Horizon Enterprises, Inc., Hikiola* | |
| *Cooperative & Monsanto Co.* | Margery S. Bronster |
| | Rex Y. Fujichaku |
| Christopher Landau, P.C. | BRONSTER FUJICHAKU ROBBINS |
| KIRKLAND & ELLIS LLP | A LAW CORPORATION |
| 655 Fifteenth Street, NW | 1003 Bishop Street, Suite 2300 |
| Washington, DC 20005 | Honolulu, HI 96813 |
| (202) 879-5087 | (808) 524-5644 |
| *Counsel for Plaintiff-Appellee* | *Counsel for Plaintiff-Appellees* |
| *Agrigenetics, Inc.* | *Robert Ito Farm, Inc., Hawaii Farm* |
| | *Bureau, Maui County, Molokai Chamber* |
| August 31, 2015 | *of Commerce & Agrigenetics, Inc.* |

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2015, I served the foregoing document on the following counsel by ECF:

Moana M. Lutey, Esq.
Richard B. Rost, Esq.
Caleb P. Rowe, Esq.
Kristin K. Tarnstrom, Esq.
Patrick Wong, Esq.
*Counsel for Defendant-Appellee*
*County of Maui*

Michael C. Carroll, Esq.
Sharon A. Lim, Esq.
*Counsel for Intervenor-Defendent-Appellants*
*Alika Atay*, *Lorrin Pang*, *Mark Sheehan*,
*Bonnie Marsh*, *Lei`ohu Ryder*, *and SHAKA Movement*

                                        /s/ *Richard P. Bress*
                                        Richard P. Bress